UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-62080-MD

JAMELL DEMONS,

    Plaintiff,

v.

SHERIFF GREGORY TONY, et al.,

    Respondents.

_____/

## BSO'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO DISQUALIFY AND MOTION TO COMPEL

COMES NOW, Respondents, Gregory Tony in his official capacity as Sheriff of Broward County, Florida, hereinafter ('Broward Sheriff's Office,' 'BSO'), and the Broward County Sheriff's Office, by and through undersigned counsel files a response in opposition to Petitioner's motion to disqualify [ECF No. 15] and in support states as follows:

1. Petitioner filed a motion to disqualify Broward County Sheriff's Office, Office of the General Counsel, and BSO attorney Christian Tsoubanos,[1] "upon information and belief" [ECF No. 15, ¶8] that somehow BSO's attorney, Mr. Tsoubanos would be a relevant and material witness to the matters before this Court because of Petitioner's unsubstantiated and false conspiratorial theories concerning Mr. Tsoubanos. Petitioner also, without elaboration or a legal basis, requests an order compelling attorney Tsoubanos' communications.

## Applicable law

2. "Disqualification of a party's chosen counsel is an extraordinary remedy not generally in the public interest—a remedy that should be employed only sparingly." *Woliner v. Sofronsky*, No. 18-CV-80305, 2018 WL 4039311, at *5 (S.D. Fla. Aug. 23, 2018)(quoting *First Impressions*

---

[1] The Petitioner misspells Mr. Tsoubanos' name as "Tsobous."

1

*Design & Mgmt. Inc. v. All That Style Interiors*, Inc., 122 F. Supp. 2d 1352, 1354–55 (S.D. Fla. 2000)).

3. "A court 'must take care to preserve the delicate balance between a party's right to retain the counsel of his choice and the need to ensure adherence to the highest ethical standards for professional responsibility.' " *Gen. Cigar Holdings, Inc. v. Altadis*, S.A., 144 F. Supp. 2d 1334, 1337 (S.D. Fla. 2001) (citation omitted). A client's choice of counsel is entitled to "substantial deference," and "any movant seeking to sever that relationship through disqualification must meet a high standard of proof." *Fenik v. One Water Place*, No. 3:06cv514/RV/EMT, 2007 WL 527997, at *4 (N.D. Fla., Feb. 14, 2007). "The party bringing the motion to disqualify bears the burden of proving grounds for disqualification." *Hermann v. GutterGuard*, Inc., 199 F. App'x. 745, 752 (11th Cir. 2006)(*citing In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)).

4. "When a motion to disqualify is based on an allegation of ethical violation, the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power." *Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1344 (S.D. Fla. 2011) (internal quotations omitted).

5. "The court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule in order to disqualify the attorney." *Id.* "An order involving the disqualification of counsel must be tested against the standards imposed by the [Florida Bar] Rules of Professional Conduct." *Id.* at 1346 (citing *Estright v. Bay Point Improvement Ass'n, Inc.*, 921 So.2d 810, 811 (Fla. 1st DCA 2006); quoting *Morse v. Clark*, 890 So.2d 496, 497 (Fla. 5th DCA 2004)).

I. **Petitioner has failed to meet his burden in proving disqualification**

6. Respectfully, Petitioner's attempt to have Respondents' chosen counsel disqualified is not brought in good faith and there cannot be any other explanation for Petitioner's efforts in doing so other than as a means of harassing BSO's counsel or other improper reasons. Petitioner claims, that attorney Christian Tsoubanos is a witness for the subject matter of this Petition and cites to Rule 4-3.7 of the Florida Rules of Professional Conduct as grounds to have him disqualified.

2

7. As a practical matter, before addressing Petitioner's request for disqualification, Petitioner is operating on the false assumption that witnesses are necessary to resolve the issues before the Court on the Petition. [ECF No. 1].

8. As is evident in BSO's response, [ECF No. 16] there are numerous and significant legal and procedural issues that are **case dispositive**, namely failure to exhaust state court remedies, *Younger* abstention, and timeliness, to name a few, **which do not require any taking any testimony from witnesses at all** to resolve and at most would require judicially noticeable documents from Petitioner's criminal case and Florida Appeals Court for this Court to dispose of the Petition.

9. If the Court is inclined to address the legal issues BSO has raised its Response to the Petition during the scheduled January 16, 2025 status conference hearing, BSO will be prepared to address these issues. These numerous legal and procedural issues need to be ruled on by the Court, prior to addressing the necessity of taking testimony from witnesses.

10. If the Court determines that witness testimony is necessary and a hearing on the merits of the Petition is held, it is quite the stretch, as discussed below, that an attorney from BSO's Office of the General Counsel would have any relevant and necessary information as a witness, or otherwise provide testimony that would not be protected by attorney client privilege.

11. Christian Tsoubanos is employed in the Broward County Sheriff's Office, Office of the General Counsel as a Senior Assistant General Counsel.

12. Mr. Tsoubanos is the primary legal advisor for BSO's Department of Detention.

13. Attorney Tsoubanos provides legal guidance to BSO's Department of Detention to ensure they act within the bounds of the Constitution. **Mr. Tsoubanos does not make operational decisions relating to security matters** in BSO's jails, including those relating to Petitioner. Rather, his role is limited to providing legal analysis and guidance to matters on which he is consulted, and providing legal representation on behalf of BSO on matters involving the Broward County jail.

14. BSO's DOD Command staff are the sole decision makers with respect to operational decisions relating to jail matters, including the decisions relating to the Petitioner's conditions of confinement.

15. Mr. Tsoubanos does not work in the jail facilities and has no firsthand knowledge of the conduct of Jamell Demons. He did not personally witness any of the Petitioner's conduct while incarcerated, nor has he witnessed any other conduct by the relevant parties.

16. Rule 4-3.7 of the Florida Rules of Professional Conduct provides that a "lawyer shall not act as advocate at a trial in which the lawyer is **likely** to be a **necessary** witness on behalf of the client" unless certain exceptions are satisfied. Fla. Bar Code Prof. Resp. R. 4-3.7.

17. "A lawyer is not a necessary witness when there are other witnesses available to testify to the same information." *Steinberg v. Winn-Dixie Stores, Inc.,* 121 So. 3d 622, 624 (Fla. 4th DCA, 2013)

18. The **Respondent does not intend to call its own attorney, Christian Tsoubanos, as a witness** for this case and that alone is grounds to deny Petitioner's request for disqualification. *See Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2014 WL 4261011, at *5 (S.D. Fla. Aug. 28, 2014), *aff'd*, 671 F. App'x 765 (11th Cir. 2016)(denying a motion to disqualify defense counsel because defendants disclaimed any intent to call their attorney as a witness).

19. Likewise, if Petitioner attempts to call Mr. Tsoubanos or any other of BSO's counsel as a witness in this or any other legal proceeding when they obviously are neither a material or necessary witness, and would serve no other purpose then to elicit material protected by attorney client privilege, BSO will present all available legal arguments, and request sanctions, as appropriate.

20. Furthermore, neither Mr. Tsoubanos nor any other BSO's attorneys could be credibly described as a **necessary** or **material** witness for any of the issues before the Court on Petitioner's habeas petition and Petitioner's efforts to claim otherwise is both inflammatory and an unneeded distraction from the only relevant issues before this Court, including the numerous legal and procedural issues that warrant the Petition being dismissed. *See generally*, BSO's response, [ECF No. 16].

21. Respectfully, the only involvement Mr. Tsoubanos had with the subject matter of this Petition **is representing BSO at the two hearings initiated by Petitioner's criminal defense attorneys regarding lifting Petitioner's jail restrictions in Petitioner's criminal case, and providing legal advice regarding jail operational decisions.** [ECF No 16-12].

22. Mr. Tsoubanos regularly attends hearings on behalf of the Broward Sheriff's Office in criminal cases in which BSO is summoned as a non-party to address issues relating to jail operations, and represents the operational positions of BSO jail command staff to the court.

23. Mr. Tsoubanos' role in representing BSO in the hearings on Petitioner's motion filed in his state court criminal case does not make Mr. Tsoubanos a material or necessary witness to anything of relevance before this Court.

24. Contrary to the allegations made against Mr. Tsoubanos in the motion to disqualify, **he has acted, and continues to act, as a liaison between defense counsel and jail command** by ensuring jail staff are accommodating professional visits for Petitioner as the state trial court judge has instructed.

25. Notably, the Petition does note Mr. Tsoubanos' role as BSO legal representative in the state court proceedings in his Petition.

26. The Petition mentions an *ore tenus* motion argued in Petitioner's criminal case on April 12, 2022, in which Judge Siegel summoned Christian to represent the Sheriff's Office's position on defense counsel's access to Petitioner. [ECF No 1. at ¶¶16-19].

27. The Petition also includes inflammatory, misleading, and irrelevant remarks regarding Mr. Tsoubanos involvement in representing BSO at the hearing held in state court on September 27, 2022 on the motion filed by Petitioner's attorney Raven Liberty to remove the jail's restrictions on Petitioner. *Id*. at ¶¶23-26.

28. Petitioner's choice to include these irrelevant and inflammatory allegations about Mr. Tsoubanos and his involvement in representing BSO during the hearing does not make him a material or necessary witness to any of the issues before this Court. The only issues before the Court are whether the Petitioner should be denied or dismissed based upon the legal arguments

advanced in the Response, and if not whether habeas corpus relief is warranted. *See generally*, BSO's response, [ECF No. 16].

29. When representing BSO for the issues brought before the state trial court, Mr. Tsoubanos, at most, was conveying what BSO records showed and what the internal administrative decisions of BSO Department of Detention Command were with respect to putting restrictions on Petitioner's privileges. *See generally* trial transcript, ECF No. 16-12.

30. Certainly, the Command staff who made those internal decisions regarding Petitioner's jail privilege restrictions, and the firsthand witnesses that observed the security related incidents inside BSO's jail could be material and necessary witnesses. However, a BSO attorney who conveyed the decisions of BSO command staff in restricting Petitioner's privileges, during a state court hearing, is of no relevance to the issues raised in the Petition, , especially when these other individuals who are part of the command staff can testify as to what their operational decisions were and still are.

31. Similarly, the undersigned attorney, Colin Hayes, works in BSO's Office of the General Counsel and represents the Sheriff's Office interests in a variety of civil and criminal cases in state and federal court. The undersigned is not the primary legal advisor for BSO's jail, and had little to no knowledge about Petitioner prior to being informed that Petitioner had initiated this Habeas Petition, and having been assigned, along with attorney Tsoubanos, to represent BSO in this proceeding.

32. The undersigned also was not involved in representing BSO at any hearing during the pendency of Petitioner's criminal case or, to date, have had any interactions with Petitioner's defense team, aside from the minimal interactions Petitioner's counsel who filed this Petition. Similarly, the undesigned was not a witness to any of the incidents in the jail, nor was in contact with BSO jail command staff regarding the Petitioner's condition of confinement prior to this habeas Petition being filed.

33. Petitioner claims that "Mr. Tsoubanos' conflict is imputed to his entire office" without citing which specific rules that BSO's Office of the General Counsel would be in violation of. [ECF No. 15 a 4].

34. Although *conflicts of interest* may be imputed to current or former government employs and sometimes an entire government office pursuant to Rule 4-1.11 of the Florida Rules of Professional Conduct, Petitioner complains of an attorney being a potential witness, **_not to a conflict of interest_** which are the grounds to impute an entire firm. Rule 4-1.10(a). Nothing within Florida Bar Rule 4-3.7 imputes an entire government office in scenarios such as this.

35. Petitioner's attempt to disqualify counsel is clearly being brought for tactical reasons, and possibly for other improper reasons which Respondent will not speculate on. *Arcara v. Philip M. Warren, P.A.*, 574 So. 2d 325, 326 (Fla. 4th DCA, 1991) (granting certiorari relief and finding that the attorney was not a material witness and "the rule requiring a lawyer to withdraw when he expects to be a witness in a case was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel.").

36. Petitioner includes conspiratorial and unsubstantiated allegations in his motion to disqualify including that "…Christian Tsoubanos acting in his capacity as Assistant General Counsel for Broward Sheriffs who instructed the Broward County Jail to carry out his own personal form of punishment against Mr. Demons and his legal team…" [ECF no. 15, ¶18]. Petitioner has offered no proof of such inflammatory claims—nor could he as Mr. Tsoubanos only involvement in this matter was representing BSO and relaying BSO's DOD command's position regarding Petitioner's access to a phone, and to video and attorney visitation during the hearings.

37. As Petitioner has failed to meet his burden, his motion to disqualify should be denied. *Silvers v. Google, Inc.,* No. 05–80387–CIV, 2007 WL 141153, at *1 (S.D.Fla. Jan. 16, 2007)(stating that "[C]ourts are skeptical [of motions to disqualify counsel] because th[e]se motions are sometimes filed for tactical reasons or to harass the other party.").

II. **PETITIONER'S "MOTION TO COMPEL" SHOULD BE DENIED**

38. Petitioner's motion to disqualify [ECF No. 15] also requests this Court order "Tsoubanos preserve and/or to turn over all emails, texts messages, and memorandum by and between Christian Tsoubanos and/or Office of the General Counsel by and between Kristine Bradley, Raymond

Beltran and/or any other members of the Broward Sheriff's Office responsible for overseeing the housing privileges of Jamell Demons" *Id*. at ¶20.

39. Local Rule 7.1(a)(3) requires the moving party to engage in a pre-filing conference with the parties effected in good faith prior to filing a motion requesting relief from the parties effected. Further, Local Rule 7.1(a)(3) provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." S.D. Fla. L.R. 7.1(a)(3).

40. Petitioner's counsel did contact the undersigned via email regarding the disqualification prior to filing his motion, but BSO objected since Petitioner provided no factual basis whatsoever besides his unelaborated claim that Mr. Tsoubanos may be a witness.

41. Since Petitioner never conferred either orally via phone or via email with either of the undersigned about providing any of Mr. Tsoubanos' communications prior to filing his "motion to compel," the motion to compel should be denied on that basis alone. Emails between counsel are evidence of this lack of conferral.

42. Furthermore, Petitioner's request is nothing more than fishing expedition, seeking irrelevant material not probative to the issues before the Court, which may otherwise be protected under attorney client privilege, apparently intended as a means to harass BSO's counsel.

43. Petitioner has failed to provide any factual basis supported by substantiated evidentiary proof that Mr. Tsoubanos acted in any capacity other than in his capacity as an attorney representing the Sheriff's Office in Petitioner's motions he filed in his pending state court criminal case. His unsubstantiated claims concerning Mr. Tsoubanos "punishing" him are not and cannot be substantiated, nor can they provide the basis for "compelling" Mr. Tsoubanos to provide or preserve material for Petitioner.

44. Additionally, such material and also any testimony from BSO's counsel would be confidential under attorney client privilege under §768.28(15), Fla. Stat., other Chapter 119 exemptions, and otherwise not relevant to any issue before the Court.

45. Furthermore, "it is well settled **that a federal habeas Petitioner is not entitled to discovery as a matter of ordinary course**." *Willems v. United States*, No. 20-80291-CV, 2021 WL 12175679, at *1 (S.D. Fla. Nov. 9, 2021)(*citing to Bracy v. Gramley,* 520 U.S. 899, 904 (1997); *Bowers v. U.S. Parole Comm'n, Warden,* 760 F.3d 1177, 1183 (11th Cir. 2008)).

46. "Under Rule 6(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, in accordance with the practices and principles of law. The court has the authority to authorize discovery upon a showing of good cause." *Id*. (quotations omitted).

47. "A habeas movant can demonstrate "good cause" by making specific allegations that "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id*. (citing to *Bowers,* 760 F.3d at 1183).

48. Good cause for discovery, however, **cannot arise from mere speculation**. *Id*. (citing *Arthur v. Allen,* 459 F.3d 1310, 1311 (11th Cir. 2006) (per curium)).

49. Petitioner has failed to provide any basis for discovery aside from baseless unsubstantiated conspiratorial claims, let alone good cause. Discovery in habeas corpus petitions are disfavored as a matter of course, as are unsubstantiated fishing expeditions attempting to find material to disqualify the opposing sides counsel.

## *Conclusion*

WHEREFORE, Respondent respectfully request that the Petitioner's motion for disqualification and his "motion to compel" be denied and Respondent be rewarded reasonable attorneys' fees.

*Respectfully submitted,*

/s/ Colin Tillinghast Hayes      /s/ Christian Tsoubanos

**Colin Tillinghast Hayes, Esq.**      **Christian Tsoubanos, Esq.**
Assistant General Counsel      Senior Assistant General Counsel
Office of the General Counsel      Office of the General Counsel
Broward County Sheriff's Office      Broward County Sheriff's Office

| | |
|---|---|
| 2601 West Broward Boulevard | 2601 West Broward Boulevard |
| Fort Lauderdale, Fl 33312 | Fort Lauderdale, Fl 33312 |
| Colin_Hayes@sheriff.org | Christian_Tsoubanos@sheriff.org |
| Tel. (954) 831-8920 | Tel. (954) 831-8920 |
| FL Bar No.: 0119192 | FL Bar No.: 42699 |
| *Counsel for respondents* | *Counsel for respondents* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will serve a copy of the aforesaid via Notice of Electronic Filing upon all parties identified on the attached Service List on this 18th day of December, 2024.

.

*/s/ Colin Tillinghast Hayes*
**Colin Tillinghast Hayes, Esq.**
Assistant General Counsel

## SERVICE LIST

**Via ECF/Email:**

**Michael A. Pizzi, JR., P.A.**
Florida Bar No. 079545
6625 Miami Lakes Drive, Suite 316
Miami Lakes, FL 33014
Tel: 786.594.3948
Fax: 305-777-3802
mpizzi@pizzilaw.com