UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:24-cv-62080-DAMIAN

**JAMELL M. DEMONS,**
**Petitioner,**

v.

**GREGORY TONY, SHERIFF OF BROWARD COUNTY; AND BROWARD COUNTY SHERIFF'S OFFICE,**
**Respondents.**
_____/

## PETITIONER'S MEMORANDUM OF LAW ADDRESSING ISSUES RAISED AT STATUS CONFERENCE

Petitioner JAMELL DEMONS files his Memorandum of Law addressing the issues raised at the Status Conference in compliance with the Court's Order (DE 24).

I. **INTRODUCTION.**

Petitioner sought statutory habeas corpus relief pursuant 28 U.S.C. Section 2241. He is not challenging the lawfulness of any state court adjudication. He is not challenging any conditions of his bond, because he has no bond while awaiting trial. He has not been adjudicated. Instead, he is objecting to the constitutionality of being held incommunicado and deprived of all meaningful access to his trial counsel while he awaits his state court trial. He was denied relief

by his Florida trial court judge, has no ability to seek review of that ruling to an appellate court unless and until he is convicted, and meanwhile suffers severe constitutional deprivation every day without any meaningful remedy in the absence of this Court's involvement.

The facts are undisputed and have been stipulated at this point that the Petitioner is not allowed to call his lawyers, depriving him of not only constitutional entitlements, but to the same access as every other pretrial detainee in the Broward County jail system. In his situation, facing the death penalty, the state has arranged to deny him needed access to counsel by prohibiting telephonic contact with his lawyer of record. He is in perpetual isolation with no outside contact and has not even been allowed a telephone call with his mother in many years. The Broward Sheriff's Office (BSO) has made it clear that he has no available further due process administrative and the Florida courts are not an available option for further review. BSO made clear that absent intervention by this Court, their position is that the Petitioner will NEVER be allowed to communicate with his lawyers by phone have any personal contact with his chosen lead counsel while at the jail, leave solitary confinement, or have ANY

phone contact with any family member. And he is not even allowed to telephone undersigned counsel during these federal proceedings.

Petitioner is not appealing from a state court or other judicial ruling, and is not asking this Court to interfere in or do anything to delay his state trial. Rather, he only invokes this Court's constitutional authority to cure a blatant breach of his right to counsel while he prepares for a trial that implicates whether he will live or die. The requested relief is directed at BSO for its refusal to allow the Plaintiff his guaranteed access to counsel, relief that was denied by the state trial judge.

Petitioner will establish at the evidentiary hearing that he has been the target of clear violations of his constitutional rights protected by the 6th, 8th, and 14th Amendments to the United States Constitution. When he brought these deprivations to the attention of his state trial judge, relief was refused. Because that ruling constitutes a non-final order in a criminal case, Petitioner has no available avenue for an appeal under Rule 9.140 of the Florida Rules of Criminal Procedure that governs final orders. Nor is appellate review authorized as a non-final appeal pursuant to Rule 9.130 of the Florida Rules of Appellate Procedure in criminal cases. And since

the constitutional violation does not arise from a ruling on pretrial release, Florida courts have no jurisdiction to review the Florida trial court decision. See Fla. R. Crim. P. 3.131(d)(3) (appellate court may review denial of application for setting or modification of pretrial bond).

Accordingly, because Petitioner has no ability to have the denial of access to his counsel reviewed by a Florida appellate court, any requirement that he pursue unavailable administrative remedies would be futile.

At the status hearing, the Court directed Petitioner's counsel to address (1) Respondent's claims that Petitioner failed to exhaust remedies available remedies in state court; (2) the relief Petitioner is seeking and specifically how that relief would not infringe on abstention principles; (3) whether the Petition was timely filed (collectively, the "Procedural Hurdles").

The short answers are as follows: Petitioner is facing the death penalty. Petitioner is asking the Court to Order the BSO, as the detaining authority to, inter alia: (1) permit his chosen lawyers and investigators, pursuant to his Sixth Amendment guarantee, to visit him in the jail and participate in meaningful evidence review and case

preparation without having to circumvent artificial barriers that interfere with his constitutional entitlement; (2) permit Petitioner to telephone his attorneys when consultation for case preparation is needed, just like every other inmate in custody; (3) remove him from what is tantamount to permanent solitary confinement; (4) permit him video and telephone contact with his family, including his mother, just like every other inmate currently in custody; (5) issue appropriate orders should BSO refuse to comply with Court's directives, including releasing Petitioner from custody if necessary to protect his constitutional rights..

### A. The Petition Is Timely.

The Petition is timely because the constitutional violations are ongoing and are severely impacting his rights to the effective assistance of counsel and to prepare for trial. At the present time, Petitioner cannot even telephone undersigned counsel to discuss his federal case, but instead as his BSO jailers to contact undersigned counsel to arrange an in-person jail consultation. Petitioner is not "appealing" a Florida court order or judgment, but instead is seeking federal relief to protect him from the ongoing constitutional deprivations.

### B. Petitioner Satisfied Any Applicable Exhaustion Requirement.

Petitioner is not required to engage in futile acts of exhaustion because no meaningful state court remedies are available. He is not seeking review of a bail ruling or the denial of release. He cannot appeal from a non-final order in criminal case. He asked the trial judge to order compliance with the basic and fundamental rights afforded to him by the U.S. Constitution, to no avail. Review of that ruling must now await the entry of a final judgment, making any state court ruling effectively moot. Petitioner has done what he can to bring his deprivations to the attention of the State court, and no further relief is available to him. Any contention by the BSO that Petitioner must further exhaust state court remedies is illusory and futile, since there are no other remedied to pursue. As with any other federal plaintiff, Petitioner has no jurisdictional obligation to file a habeas corpus claim in state court.

The applicable federal statute, 28 U.S.C. § 2241, does not contain an exhaustion requirement. While the federal habeas corpus statute, 28 U.S.C. § 2254 has been construed as requiring the exhaustion of state court remedies, it imposes no such requirement

when this Petitioner's requested relief is not to obtain his relief from custody. Rather, federal jurisdiction is needed to protect and preserve his constitutional right to counsel and due process.

The BSO argument favoring exhaustion is flawed for two reasons. First, § 2254, unlike § 2241, contains an exhaustion of administrative remedies condition for inmates serving a sentence under the "judgment of a state court". Petitioner is presumed innocent and is not in custody pursuant to any final judgment of a state court.

Second, the cases cited by BSO arise from convicted inmates challenging their conditions of confinement. For instance, *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004) arose in connection with a convicted state court murder defendant seeking federal post-conviction relief from his judgment and sentence. The Eleventh Circuit explained that convicted state court defendants cannot avoid the exhaustion of state court remedies requirement of § 2254 by seeking relief pursuant to § 2241, since convicted defendants must always comply with the federal jurisdictional restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) that govern petitions brought under 28 U.S.C. § 2254. As the

Eleventh Circuit held, the convicted petitioner's "petition is subject to both § 2241 and § 2254." *Id.* at 788.

But as is apparent here, Petitioner is not a state court convicted felon seeking to challenge his state court judgment, and thus has not asked this Court to disregard the requirements of § 2254, since that status is not applicable to his petition.

*Santiago-Lugo v. Warden,* 785 F.3d 467 (11th Cir. 2015), better explains the relationship between the exhaustion requirement for convicted state court defendants challenging the legality of their convictions and convicted inmates seeking relief on due process grounds for disciplinary sanctions. A convicted inmate's failure to exhaust administrative remedies is not a jurisdictional defect, such that a federal court has jurisdiction over a claim of disciplinary sanctions imposed without regard for due process requirements. *Id.* at 471. The Court explained that "It is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding." *Id.* at 474-475. Convicted defendants are still subject to administrative exhaustion requirements, but not as a jurisdictional bar. *Id.*

Contrary to the circumstances in Santiago-Lugo, Petitioner has

no state court conviction, is not in custody pursuant to a state court judgment, and has neither a jurisdictional nor a statutory bar to § 2241 relief.

*Fain v. Duff,* 488 F.2d 218 (5th Cir. 1973), also involved a convicted inmate (in juvenile court) who sought habeas corpus relief to preclude his subsequent state court trial as an adult for the same charge of rape. Because Fain challenged the legality of his confinement that arose from his juvenile court judgment, his effort to obtain relief was subject to a showing of exhaustion of the available state court remedies, a requirement Fain met by seeking review in the Florida Supreme Court. *Id.* at 224.

Thus, unlike *Fain v. Duff*, Petitioner is not seeking relief from this Court as a convicted defendant who has an ample opportunity to seek review of his conviction through an available state court appeal. Petitioner has not been convicted, is not challenging the legality of his incarceration as a result of a state court judgment, and has no available remedy to appeal from the trial court's order denying him relief. Yet, his constitutional deprivations continue, and will remain throughout his trial, likely exacerbating the possibility of his being convicted without meaningful access to his counsel during his

incarceration.

The exhaustion requirement, therefore, is applicable only to those state court petitioners who are 'in custody pursuant to the judgment of a State court.'" *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). Here, Petitioner is not subject to any state court judgment.

And just as importantly, there are no administrative remedied available for Petitioner to exhaust, because the Florida appellate court has no jurisdiction to conduct an interlocutory review of a non-final order in a criminal case. As a result, any attempt at exhausting non-available remedies would be ineffective and prejudicially time-consuming.

The U.S. Supreme Court long ago counseled that federal courts must be cautious in declining to exercise jurisdiction to vindicate constitutional rights. "We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. **The one or the other would be treason to the Constitution**." *Cohens v. Virginia,* 6 Wheat. 264, 19 U. S. 404 (1821). A federal court's declination of jurisdiction to adjudicate a claim remains "the exception, not the rule." *Hawaii Housing Authority v. Midkiff,* 467 U. S. 229, 467 U.S. 236 (1984) (quoting *Colorado River Water*

*Conservation Dist. v. United States*, 424 U. S. 800, 813, 96 S. Ct. 1236, (1976)). The Supreme Court described the federal courts' obligation to adjudicate claims within their jurisdiction as "virtually unflagging." *Deakins v. Monaghan,* 484 U. S. 193, 205, 108 S. Ct. 523, 531 (1988).

Nor can this Court abstain from exercising jurisdiction in deference to a state court judicial proceeding that is not available and whose eventual exercise of jurisdiction would moot this controversy by awaiting Petitioner's conviction. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. at 817 (general principle of abstention is to avoid duplicative litigation); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 25 (1983); *cf. Moore v. Sims,* 442 U. 415, 423, n. 8 (1979) ("[W]e do not remotely suggest that every pending proceeding between a State and a federal plaintiff justifies abstention unless one of the exceptions to *Younger* applies." (citation omitted)). In summary on this point, Petitioner has done all he can to obtain relief in the state court, and that quest was unsuccessful. This Court cannot abdicate its jurisdictional responsibility to adjudicate serious constitutional violations. The state court ruling was not appealable or reviewable as

a matter of right, and trial court orders in criminal cases are not ripe for review until the entry of a final judgment, in which case the constitutional violations would continue through the outcome of the Petitioner's death penalty trial and sentencing. Without any effective remedy to seek state court review of the unconstitutional administrative conditions of the Petitioner's incarceration, federal court relief through § 2241 is the only available remedy to cure the unconstitutional conditions presented in this case. Neither exhaustion nor abstention bar Petitioner from obtaining relief from this Court.

## II.   CONCLUSION.

This Court has and should exercise jurisdiction to consider and rule on Petitioner's constitutional claim. The Court should order BSO to afford the constitutional protections outlined herein. Failing that, this Court should impose sanctions, including the initiation of injunctive relief to ensure that Petitioner is able to exercise his fundamental constitutional rights while awaiting trial.

Respectfully submitted,

**MICHAEL A. PIZZI, JR.**
Florida Bar No. 079545

6625 Miami Lakes Drive, Suite 316
Miami Lakes, FL 33014
Tel: (786) 594-3948
mpizzi@pizzilaw.com

By: <u>/s/ Michael A. Pizzi, Jr.</u>
**MICHAEL A. PIZZI, JR., ESQ.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing.

By: <u>/s/ Michael A. Pizzi, Jr.</u>
**MICHAEL A. PIZZI, JR.**