UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-62080-MD

JAMELL DEMONS,

    Petitioner,

v.

SHERIFF GREGORY TONY, et al.,

    Respondents.
_____/

## BSO'S RESPONSE TO DEMONS' MEMORANDUM IN SUPPORT OF HIS PETITION FOR A WRIT OF HABEAS CORPUS

    COMES NOW Respondent, Gregory Tony in his official capacity as Sheriff of Broward County, Florida, hereinafter ('Broward Sheriff's Office,' 'BSO'), by and through undersigned counsel and pursuant to this Court's order [ECF No. 24], files their response to the Petitioner's memorandum [ECF No. 28] in support of his petition for Writ of Habeas Corpus and in support states as follows:

### FACTS AND PROCEDURAL POSTURE

1.   During the January 17, 2025 status conference hearing, the litigants and the Court discussed the numerous procedural bars, as raised in BSO's response, [ECF No. 16] to the Petition.

2.   This Court ordered [ECF No. 24] the Petitioner to file a supplement response to address these numerous procedural issues. This Court scheduled a final evidentiary hearing on March 13, 2025 on the merits of the habeas corpus petition, subject to cancellation if this Court finds the procedural bars warrant dismissal of this action.

3.   Petitioner has filed their memorandum on the procedural issues. [ECF No. 28].

Petitioner's memorandum on these procedural issues offers no valid legal or factual basis as to why the petition for a writ of habeas corpus should not be dismissed. Nor could he, as the law is clear on these issues.

4.   Petitioner, in his memorandum, does address [ECF No. 28 at *5] briefly the issue of timeliness. Plaintiff again does not address the issue of *Younger* abstention and *Heck* barring his

requested relief. However, he also does address, *Id*. at *6-12, the issue of Petitioner failing to exhaust administrative remedies, but in doing so, for a second[1] time, has both misstated the applicable law on requirement of exhaustion of state court remedies for § 2241 petitions and the availability of his remedies in the Florida courts and his efforts to take advantage of those remedies.

5. Just as petitioner believes himself to be exempt from BSO's jail rules and regulations and wishes this Court to modify the legitimate security measures BSO has implemented, he believes himself to be exempt from the clear legal precedent on these procedural hurdles, including the statutory requirement he exhaust his state court remedies prior to seeking § 2241 before this Court.

6. Petitioner should not be treated any differently than any other inmate litigant and be allowed to skirt by the clear legal barriers that prevent this action from proceeding.

7. It is evident now, as it has been since his action was initiated, that a final evidentiary hearing is not necessary, and the one scheduled for March 13, 2025, should be cancelled and this action dismissed for petitioner to seek remedies in the Florida State Court system if he so chooses where BSO will be prepared to respond as needed.

**I.   Timeliness**

8. Petitioner claims that he is "not appealing a Florida Court order or judgment" and that his Petition is timely because "the constitutional violations are ongoing[.]" [ECF No. 28 at 5].

9. Petitioner offers no persuasive legal authority as to why he should be otherwise exempt from the plain language § 2244(d)(1) that subjects a § 2241 habeas petition to a one-year statute of limitations starting from the date from which "facts supporting new claims could have been discovered through the exercise of due diligence."  Nor does he proffer why tolling may be

---

[1] Petitioner advanced a legal theory in his first reply [ECF No. 22] during the first status conference, that he was not obligated to exhaust ***administrative*** remedies for his § 2241 petitions, and cited to *Santiago-Lugo v. Warden*, 785 F.3d 467, 471 (11th Cir. 2015) in support. As BSO pointed out at the status conference, the Eleventh Circuit in *Santiago-Lugo* examined whether exhaustion of ***administrative remedies*** as mandated by the Prison Litigation Reform Act was something the Court could inquire on its own, sua sponte, as a matter of subject matter jurisdiction. Furthermore, the Court in *Santiago-Lugo* did not address the issue of exhaustion of **State Court** remedies. Although BSO is not waiving exhaustion under the PLRA, which still applies to § 2241 petitions, BSO's main contention is that Petitioner failed to exhaust State Court remedies. Petitioner is advancing this theory again in his memorandum. [ECF No. 28 at *8].

applicable pursuant to § 2244(d)(2). The fact that Petitioner's counsel *agreed* [ECF No. 16-12, at *12, lines 10-23] that his video visitation and phone privileges were properly suspended, would work against any argument for tolling, especially with respect to the challenges directed at the revocation of those privileges.

10. The restrictions imposed on habeas petitions filed by pretrial detainees, including the statute of limitations, are the same as those filed by a convicted prisoner, despite Petitioner's claims to the contrary. *See Hughes, Tooten, infra; see also Medberry v. Crosby*, 351 F.3d 1049, 1058–62 (11th Cir. 2003) (holding there was a single habeas corpus remedy for state prisoners governed by both § 2241 and 28 U.S.C. § 2254, and the habeas corpus remedy authorized by § 2241 was subject to the restrictions of § 2254).

**II**. **Petitioner misstates the applicable law on the exhaustion requirement for § 2241 filed by pretrial detainees**

11. As discussed in length during the previous status hearing, Petitioner has failed to exhaust his state court remedies for the allegations raised in the petition, and now Petitioner has filed a substantive response on this issue; however, he has misstated the applicable law on this issue.

12. Petitioner now claims he is not required to exhaust state court remedies because "§ 2254, unlike § 2241, contains an exhaustion of administrative remedies condition for inmates serving a sentence under the "judgment of a state court" and Petitioner is "not in the custody to any final judgment of state court." [ECF No. 28 at 7].

13. Petitioner also states: "but as is apparent here, Petitioner is not a state court convicted felon seeking to challenge his state court judgment, and thus has not asked this Court to disregard the requirements of § 2254, since that status is not applicable to his petition." *Id.* at 8.

14. However, binding precedent indicates otherwise and the procedural hurdles, including the state exhaustion requirement applies equally to § 2241 petitions filed by pretrial detainees in State custody challenging any claim that their Constitutional rights are being violated as it does to § 2254 Petitions filed by federal convicted prisoners challenging post-conviction issues. *Johnson v. Fla.*, 32 F.4th 1092, 1096 (11th Cir. 2022)(citing to *Georgalis v. Dixon,* 776 F.2d 261, 262 (11th Cir. 1985)(while affirming District Court's dismissal *pretrial* detainee's § 2241 habeas petition that challenged state court's ruling on speeding trial request, stating that "[i]t is by now well established that a district court may not grant a § 2241 petition unless the petitioner **has exhausted all available state remedies.**"); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4

(11th Cir. 2004) (reversing District Court's decision finding *Younger* abstention was warranted, but finding that state **_pretrial_** detainee had exhausted his state court remedies for his § 2241 challenging ruling made in pending state prosecution after litigating to the Florida's Supreme Court and explaining that the 11th Circuit applies the exhaustion requirement to a state **_pretrial_** detainee's § 2241 petition); *Tooten v. Shevin*, 493 F.2d 173, 175 (5th Cir. 1974) ("Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled.")

15. The Eleventh Circuit in *Hughes*, citing to *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.1973), further clarified that state exhaustion was both statutorily codified as 28 U.S.C. § 2254(b) and a **_judicially created concept_** recognized as far back as *Ex parte Royall,* 117 U.S. 241, 65 S.Ct. 734, 29 L.Ed. 868 (1886) that applies to "**all** habeas corpus actions." *Id*. 377 F.3d at 1262 n.4.

16. The Supreme Court more recently in *Braden v. 30th Judicial Circuit Court of Kentucky*, which disposed of detainee's § 2241 for failure to exhaust state court remedies, explained the reasons behind the judicially created exhaustion requirement as:

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement…..As applied in our earlier decisions, the doctrine 'preserves the role of the state courts in the application and enforcement of federal law….Second, (the doctrine) preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.

410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(internal citation omitted).

17. Petitioner's interpretation of the state exhaustion requirement not applying to § 2241 petitions filed by pretrial detainees in custody of state officials that claim their constitutional rights are being violated has not been recognized by other appellate Courts, *see Hughes, Fain , Johnson, and Braden, supra,* and has been rejected when presented to United States District Courts within this state. *Dixon v. Fla.,* No. 3:23CV24624-LC/MAF, 2024 WL 2097739, at *2 (N.D. Fla. Apr. 5, 2024), *report and recommendation adopted,* No. 3:23CV24624-LC/MAF, 2024 WL 2097594 (N.D. Fla. May 9, 2024)(Court rejected **_pretrial detainee's_** assertion that "exhaustion of remedies is not a jurisdictional requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241 [by] pre-trial detainees" and dismissed detainee's petition for failing to exhaust his state court remedies);

4

*Ballard v. State*, No. 1:23cv161-MW/ZCB, 2024 WL 409411, at *1 (N.D. Fla. Jan. 3, 2024) (Report and Recommendation to dismiss without prejudice habeas petition filed by state ***pre-trial detainee*** on exhaustion, mootness, and *Younger* abstention grounds), adopted by order of district judge, 2024 WL 404368 (Feb. 2, 2024); *Turner v. Morgan*, No. 3:12CV188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), report and recommendation adopted, No. 3:12CV188/MCR/CJK, 2012 WL 2003452 (N.D. Fla. June 4, 2012)("Despite the absence of an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from exercising its jurisdiction under § 2241, if the issues raised in the petition may be resolved either by trial on the merits in the state court, or by other state procedures available to the petitioner").

18. In sum, Petitioner's contention that exhaustion of state court remedies is not required for pretrial detainees who raise constitutional issues in a § 2241 petition is wholly without merit.

19. Furthermore, Petitioner's claims before this Court are intertwined with his current criminal prosecutions, as described in more detail below, and it is the state courts who should address these issues.

## II. **Availability of remedies**

20. Petitioner has remedies in state court for all of the constitutional injuries he complains of concerning his "close management" style of housing, including the restrictions placed on his phones, video visitation, and in person access to his attorney Liberty Raven, who, as discussed below, is under criminal investigation for witness tampering.

21. Petitioner claims that this Court should not defer "…to a state court judicial proceeding that is not available and whose eventual exercise of jurisdiction would moot this controversy by awaiting Petitioner's conviction" and that he "has done all he can to obtain relief in the state court, and that quest was unsuccessful." [ECF No. 28 at *11]. He also claims that the "state court ruling was not appealable or reviewable as a matter of right, and the trial court orders in are in criminal cases are not ripe for review until the entry of final judgment… " *Id*. at *11-12.

22. This is false. Although BSO will not provide legal advice to Petitioner or Petitioner's numerous counsel, there are numerous avenues to raise his concerns in Florida courts. In Florida, as far petitioner's request for release from custody is concerned, which Petitioner appears to be abandoning as a request as this Court made it clear it was not an available remedy and Petitioner has not addressed this in his memorandum, Petitioner can file a petition challenging the no

monetary bond order from his criminal case **today** if he so desired, as a writ of habeas corpus pursuant to Art. V, § 4(b)(3), Fla. Const. and Fla. R. App. P. 9.030(b)(3) to address this issue. *See Rogers v. State*, 966 So. 2d 490 (Fla. 1st DCA 2007).

23. Furthermore, Petitioner's claims, as far as they challenge his conditions of confinement with respect to his "close management" style of housing where he is placed in an entire housing pod by himself, and the lost video visitation and phone privileges, is properly challengeable as a writ of habeas corpus under Florida law. *See Banks v. Jones*, 232 So. 3d 963, 966 (Fla. 2017); see *also Conley v. State*, 348 So. 3d 1239 (Fla. Dist. Ct. App. 2022); *Bryan v. Inch,* No. 4:20CV357/TKW/EMT, 2021 WL 1091949, at *10 (N.D. Fla. Feb. 22, 2021), *report and recommendation adopted,* No. 4:20CV357/TKW/EMT, 2021 WL 1088436 (N.D. Fla. Mar. 22, 2021)(citing to *Bryan* and dismissing a § 2254(d)(1) petition to the extent that challenged the conditions of his confinement and assignment to "close management" since inmate failed to avail himself of Florida state court remedies).

24. Likewise, a petition for a writ of mandamus is the proper avenue under Florida law to force a government official to comply with statutorily mandated duties and nondiscretionary obligations. "Mandamus is a recognized remedy to require a public official, who is clothed with the authority, to discharge his duty." *Dante v. Ryan,* 979 So.2d 1122, 1123 (Fla. 3d DCA 2008) (quoting *Alexander v. City of Coral Gables,* 745 So.2d 1004, 1005 (Fla. 3d DCA 1999));*see also Bush v. State,* 945 So.2d 1207, 1210 (Fla.2006).

25. § 198.12, Fla. Stat. states that:

Right of person arrested to consult attorney. A person arrested shall be allowed to consult with any attorney entitled to practice in this state, alone and in private at the place of custody, as often and for such periods of time as is reasonable.

26. Petitioner could file an extraordinary writ of mandamus and argue BSO was not giving him access to counsel in violation of § 198.12, Fla. Stat, or challenge the security measures taken by BSO when it suspends his phone and video visitation privileges.[2]

27. Petitioner could also file another motion in his pending criminal case, if he wishes to readdress the issues of phone availability and video visitation and the other conditions of confinement, as he had in past, and BSO will appear and address it as needed. [ECF No. 16-3 at

---

[2] Although BSO believes any claim about not having access to counsel is wholly without merit [ECF No. 16-6] as Petitioner and all his counsel, including Liberty Raven, can meet with him in person as much as they want, this is an example of a state court remedy available to Petitioner.

*4]. It's also worth noting that Petitioner, though counsel, previously *agreed* [ECF No. 16-12, at *12, lines 10-23] that his phone and video visitation privileges were properly restricted due to Petitioner repeatedly violating jail rules, which is why BSO finds it puzzling that Petitioner now files this action without even first attempting to readdress the issue before the trial court presiding over his case. If Petitioner now believes the phone and video visitation issue should be revisited, certainly he can file another motion in his criminal case and BSO will appear and address that. Or, if Petitioner wants to file a separate petition for a writ of mandamus or a petition for a writ of habeas corpus challenging either his no monetary bond hold or his "close management" assignment or BSO's alleged noncompliance with § 198.12, Fla. Stat., BSO or the Florida Attorney General will respond as appropriate.

28.  In either event, Petitioner has multiple avenues in the state courts for all the issues he raises in this action, not including all the ones listed above, and he is required to take advantage of those in the Florida trial and appellate courts before petitioning this Court for habeas relief.

### III. By challenging his conditions of confinement, Petitioner is challenging the factual predicates that lead to pending criminal charges and pending criminal investigations, and thus Heck bars Petitioner's action

29.  For one, *Heck* v. *Humphrey* bars Petitioner's action to the extent he is contesting the factual basis [ECF No. 16-17] for his pending witness tampering charges against him in Broward Case No. 23010594CF10A and his co-defendant for his pending capital homicide case, Henry Cortlen. The factual basis for these pending criminal charges were also the factual basis used by BSO's Department of Detention command in revoking Petitioner's phone and video visitation rights as a security measure as Petitioner used these privileges as a means to criminally tamper with witnesses outside the BSO's jail. [ECF No. 16-17 at *11-16]. Petitioner is *Heck* barred from challenging the factual predicate of these crimes, which he is attempting to do by challenging the basis for BSO restricting Petitioner's privileges.

30. Although *Heck* does not necessarily bar a plaintiff's civil action that contests the factual predicates underpinning a *pending* criminal prosecution, a District Court should stay the civil action pending the resolution of the criminal case. *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007).

31. The Supreme Court in *Wallace* described the proper procedure in cases, such as Petitioner's, that challenge the factual predicate of a pending criminal prosecution:

> Although if a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case, or the likelihood of a criminal case, is ended.

*Id.* citing to *Heck,* 512 U.S., at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings").

32. The Court in *Wallace* also noted that "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394, 127 S. Ct. at 1098; citing to *Edwards v. Balisok,* 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck,* 512 U.S., at 487, 114 S.Ct. 2364.

33. Petitioner, by filing this Petition, is claiming BSO by had no justification in revoking his video visitation and phone privileges and claims that he did not tamper with witnesses for his pending homicide case outside of the jail nor did he direct gang activities. In sum, he is challenging the factual predicate for both BSO's justification for suspending a few of his jail privileges as a security measure and the factual basis for his pending witness tampering charges, directing the activities of a criminal gang, conspiracy to tamper with witnesses and criminal solicitation of murder in violation of §§914.22(2)(e), 874.10, 914.22(2)(e), 777.04(2), Fla. Statutes, pending in Broward Case: no. 23010594CF10A. *see also* [ECF No. 16-17 at *12-17](describing the factual basis for witness tampering charges against Petitioner in Broward Case: no. 23010594CF10A based on him **using BSO's jail phone and video visitation system** to tamper with witnesses outside of BSO's jail and for directing gang activities).

34. This case, at the very least, which apparently challenges the factual predicates underpinning both the factual basis BSO has used to suspend his privileges and his pending criminal charges in Broward Case No. 23010594CF10A, should be stayed pending that case's conclusion as required by *Heck*.

35. Furthermore, to the extent that Petitioner challenges his barrier visitation to his attorney, Liberty Raven, this Court should dismiss or stay this action on that issue pursuant to *Heck*, as attorney Liberty Raven is under criminal investigation for witness tampering. *See* Filings in Petitioner's Criminal case addressing Liberty Raven's criminal investigation, attached hereto as Exhibit "1."

36. Petitioner is improperly attempting to challenge the factual basis for his pending witness tampering charges by filing this Petition and the criminal investigation into one of his attorneys. This case should be stayed or dismissed pursuant to *Heck* so Petitioner can challenge in the proper forum the factual predicate that led to his criminal witness tampering charges and other charges he now faces in state court.

### IV.    Younger abstention

37. Petitioner must satisfy the "*Younger* abstention hurdle" for his habeas petition prior to this Court adjudicating it on the merits. *Hughes*, 377 F.3d at 1262.

38. *Younger* applies when "(1) there is an 'ongoing' state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims" *Younger*, 401 U.S. at 43-45.

39. All three apply here as there is a pending prosecution, Petitioner's criminal witness tampering case and capital homicide case implicate an important state interest, and he has adequate state remedies to challenge the factual basis used to justify suspending his jail privileges, i.e. that he was using BSO's jail privileges to tamper with witnesses outside the jail and to conduct other criminal activity, in his pending criminal cases, as well as the other state court remedies pointed out above. BSO's Response, ¶¶20-28.

40. Furthermore, federal involvement would unduly interfere with Petitioner's criminal cases. *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 490 (11th Cir. 2015) ("The plaintiff's requested relief can interfere with the state proceeding if it would disrupt the normal course of action in the state proceeding, even if the relief sought would not terminate an ongoing proceeding."). Releasing Petitioner from custody would explicitly conflict with the trial Court's no monetary bond order in his criminal case.

41. Furthermore, this Court would need to weigh in on and make factual determinations on if Petitioner had tampered with witnesses or misused BSO's phone and visitation system, and if he engaged in criminal gang activity while in BSO's custody, **which this Court would need to do** to determine if BSO's restrictions on Petitioner's jail privileges were reasonable under *Turner v. Safley,* 482 U.S. 78, 90, 107 S. Ct. 2254, 2262, 96 L. Ed. 2d 64 (1987) and *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

42. This would require a parallel litigation of the issues currently being litigation in Petitioner's criminal case and other criminal cases against Petitioner's co-defendants. As such, it is clearly improper for this Court to weigh in on these factual issues and get involved in these issues that are better left for Petitioner's current criminal cases, and this should abstain under *Younger* and *Heck*.

43. Certainly, if he is convicted of the charges he now faces in Broward Case: no. 23010594CF10A, there would be no doubt BSO's security measures Petitioner is challenging would be reasonable under *Magluta* and *Turner,* which would *Heck* bar Petitioner's challenges.

44. Under *Younger*, dismissal, rather than a stay, is the appropriate remedy as Petitioner has requested equitable relief directing BSO to give him back his jail privileges. *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1553 (11th Cir. 1996)(affirming dismissal on *Younger* grounds of civil rights action requesting equitable relief against various Broward County officials who allegedly violated Plaintiff's right to court-appointed counsel).

### V. **Possible Mootness**

45. The trial Court presiding over Petitioner's capital homicide charges found that there was a conflict of interest between Petitioner and his counsel, Liberty Raven, due to a criminal investigation involving Liberty Raven for witness tampering and instructed Petitioner to decide if he was to continue to retain her. *See* Exhibit 1.

46. The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir.1997).

47. To the extent Raven Liberty is no longer Petitioner's counsel for his criminal case, his challenges to BSO's barrier visitations requirements for Raven Liberty in the jail will be moot.

### *Conclusion*

WHEREFORE, Broward County Sheriff's Office respectfully request that the petition for habeas corpus be dismissed and or denied and attorneys fees be granted to BSO for the reasons set forth in this response and in BSO's first response, [ECF No. 16], to Petitioner's Petition for a writ of Habeas Corpus.

*Respectfully submitted,*

*/s/ Colin Tillinghast Hayes*

**Colin Tillinghast Hayes, Esq.**
Assistant General Counsel
Office of the General Counsel
Broward County Sheriff's Office
2601 West Broward Boulevard
Fort Lauderdale, Fl 33312
Colin_Hayes@sheriff.org
Tel. (954) 831-8920
FL Bar No.: 0119192
***Counsel for respondents***

*/s/ Christian Tsoubanos*

**Christian Tsoubanos, Esq.**
Senior Assistant General Counsel
Office of the General Counsel
Broward County Sheriff's Office
2601 West Broward Boulevard
Fort Lauderdale, Fl 33312
Christian_Tsoubanos@sheriff.org
Tel. (954) 831-8920
FL Bar No.: 42699
***Counsel for respondents***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will serve a copy of the aforesaid via Notice of Electronic Filing upon all parties identified on the attached Service List on this 10th day of February, 2024.

.

*/s/ Colin Tillinghast Hayes*
**Colin Tillinghast Hayes, Esq.**
Assistant General Counsel

## **SERVICE LIST**

**Via ECF/Email:**

**Michael A. Pizzi, JR., P.A.**
Florida Bar No. 079545
6625 Miami Lakes Drive, Suite 316
Miami Lakes, FL 33014
Tel: 786.594.3948
Fax: 305-777-3802
mpizzi@pizzilaw.com