Filing # 213548678 E-Filed 12/27/2024 12:09:08 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

Case Number: 19-001872CF10A
Judge Martin S. Fein

STATE OF FLORIDA,
    Plaintiff,

vs.

JAMELL DEMONS,
    Defendant.
_____/

**MOTION FOR HEARING TO
DETERMINE POTENTIAL CONFLICT**

COMES NOW the Defendant, by and through undersigned counsel, and moves this Honorable Court pursuant to Rule 3.190, Florida Rules of Criminal Procedure, to hold a hearing to determine potential conflict of counsel. As grounds for said motion, the Defendant states the following:

1. On the 13th day of February, 2019, the Defendant was arrested for the charges of First Degree Murder of his two childhood friends, Anthony Williams and Christopher Thomas, Jr. The Defendant went to trial on the 11th day of April, 2023, for these murders. The jury was unable to reach a unanimous verdict and the Court declared a mistrial on the 22nd day of July, 2023.

1

2. After the trial was over, it became known that Assistant State Attorney Kristine Bradley and the State Attorney's Office, withheld information that would bear on the veracity and integrity of lead detective Moretti of the Miramar Police Department.

3. Due to this withholding of potential *Brady* material, and subsequent actions, the Court disqualified Kristine Bradley from prosecuting the case.

4. Although the defense also requested that the charges be dismissed for prosecutorial misconduct and violation of due process, and/or that the State Attorney's Office for the Seventeenth Judicial Circuit be disqualified, the Court denied both requests.

5. The Defendant subsequently filed other motions to dismiss and to disqualify, based upon the aforementioned previous grounds and also based upon the Defendant's belief of additional prosecutorial misconduct.

6. Those motions were similarly denied.

7. On the 4th day of October, 2023, the State filed additional charges against Mr. Demons. That being Tampering with a Witness in a capital murder case. In addition, the defense was put on notice that the State would be using the facts of the Tampering case to show consciousness of guilt in the first degree murder case.

8. On December 18, 2024, attorney for the Defendant, Mr. Demons, Raven Liberty, was informed by "Apple" that on December 13, 2023, her Apple account information had been provided to the Broward Sheriff's Office, pursuant to a search warrant. The extent of what was provided and what was revealed is yet unknown to the defense. The basis of this search warrant of Ms. Liberty's Apple accounts is also unknown.

9. Without knowing the extent of the information seized by the Broward Sheriff's Office, counsel for Mr. Demons do not know what confidential communications and trial strategy between the various defense counsel were revealed.

10. In order for the Defendant and counsel to make a proper decision as to conflict and potential waiver of same, the following questions need to be answered:

> 1. Is the investigation of Ms. Liberty ongoing, or has it been concluded?
>
> 2. If the investigation of Ms. Liberty has been terminated, is there a potential for it to be revived once again at a later date.

11. Pursuant to *Rutledge v. State,* 150 So.3d 830 (4th DCA 2014), this Court must hold a hearing to determine the above. In addition to the potential conflict enunciated above, the Defendant and his attorneys need

3

to know what, if any, confidential communications between defense counsel are currently in the possession of law enforcement and/or the State.

WHEREFORE, the Defendant moves this Honorable Court to hold a hearing on this matter as soon as practicable as the defense does not feel it appropriate to move forward in its representation until answers to these questions are resolved.

**BENJAMIN, AARONSON EDINGER & PATANZO, PA**
1700 East Las Olas Blvd., Suite 202
Fort Lauderdale FL 33301
(954) 779-1700

/s/ Daniel R. Aaronson
DANIEL R. AARONSON, Esquire
Daaronson@BenjaminAaronson.com
Florida Bar #314579

JAMES S. BENJAMIN, Esquire
Jamie@BenjaminAaronson.com
Florida Bar #293245

LAW OFFICE OF RAVEN LIBERTY PA
Pleadings.liberty@gmail.com
Florida Bar #698431

LAW OFFICE OF STUART ADELSTEIN, PA
adelsteinslaw@aol.com
Florida Bar #234540

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Florida Court's E-filing Portal and a copy furnished, through the filing, to the Office of the State Attorney this 27th day of December, 2024.

/s/ Daniel R. Aaronson
DANIEL R. AARONSON, Esquire

Filing # 214010575 E-Filed 01/06/2025 09:19:50 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,

    Plaintiff,

v.

JAMELL DEMONS,

    Defendant.

CASE NO.: 19001872CF10A

JUDGE: FEIN

## STATE'S MOTION FOR REHEARING/RECONSIDERATION OF DEFENDANT'S ORE TENUS MOTION TO COMPEL DISCLOSURE OF APPLE SEARCH WARRANT RELATED TO ATTTORNEY RAVEN LIBERTY

**COMES NOW** the State of Florida, by and through the undersigned Assistant State Attorney, and pursuant to *Fla. R. Crim. P.* 3.192, files this Motion for Rehearing/Reconsideration of the Court's oral order issued on January 6, 2025, and alleges as follows:

(1) On January 6, 2025, this Honorable Court entered an oral order requiring the State to provide defense with a copy of a warrant issued in December 2024 to Apple regarding attorney Raven Liberty. In reviewing this Honorable Court's oral order, it is the State's position that this Honorable Court has overlooked or misapprehended several matters of fact or law as laid out *infra*. Further, the State requests the Court reconsider its order. A trial court has the inherent power to reconsider a ruling, upon appropriate motion by either counsel, while that court has jurisdiction of the case. *Savoie v. State*, 422 So.2d 308, 312 (Fla. 1982). There is no requirement that new evidence by adduced to support the ruling. *State v. Pablo-Ramriez*, 61 So.3d 488 (Fla. 2d DCA 2011).

(2) As this Honorable Court referred to, all that *Rutledge v. State*, 150 So.3d 830 (Fla. 4th DCA 2014) requires the State to disclose is that there is in fact an ongoing investigation relating to the Defendant's attorney Raven Liberty. To compel the State to go beyond what is required by law is a departure from the essential requirements of the law.

(3) Upon the State's assertion that there is an open pending investigation, stemming from the Defendant's present cases but entirely separate in its own right, it is then up to Ms. Liberty to have that conversation with her client as well as assert herself whether she can ethically continue in her representation (which as discussed below, the current state of the law is that such conflict cannot be waived).

(4) The State asserts that the State has complied with all that is required in that defense is now aware of an ongoing criminal investigation regarding Ms. Liberty. Anything further is a departure from the essential requirements of the law.

(5) To require the State to provide a copy of a warrant at issue to defense would require the State to disclose information regarding an ongoing criminal investigation that encompasses more parties than just the Ms. Liberty. This investigation is separate and apart from the Defendant's current cases and involves numerous parties. Requiring the State to divulge details of an ongoing investigation with the Broward Sheriff's Office would set a dangerous precedent for the current state of criminal investigations. Unable to do their job without the threat of being forced to divulge their investigations prematurely would surely have the effect of limiting the work of the police in Broward County.

(6) In the instance case, requiring the State to produce a copy of a warrant would greatly impede the current investigation, allow suspects to avoid apprehension, and/or allow for the destruction of evidence, and is exactly why Florida law **expressly prohibits** the disclosure of such information regarding active investigations.

(7) There are a litany of cases dealing with the Court's requiring the State to produce information related to an ongoing investigation. In *Barfield v. City of Fort Lauderdale Police Department*, 639 So.2d 1012 (1994) the Court held that under Florida law "active criminal investigation information" is exempt from public disclosure until the investigation is concluded under F.S. §119.

(8) Notably F.S. §119 goes so far as to state that "criminal intelligence and criminal investigative information shall be considered 'active' while such information is directly related to pending prosecutions or appeals."

(9) As discussed in *Florida Pub. Co. v. State*, 707 So.2d 54 (Fla. 1st DCA 1998), an executed search warrant and accompanying material is **EXEMPT** from discovery and public records law pursuant to section 119.071 (then renumbered section 119.07(3)(b)).

(10) Investigations into attorneys, especially those involving potential criminal conduct, are often kept confidential to protect the integrity of the investigation and to avoid prejudicing ongoing proceedings. Their disclosure is prohibited as sensitive information or information interrelated with other crimes or criminal activities and the disclosure of the contents of such information may seriously impair law enforcement or jeopardize the investigation of those other crimes or activities.

(11) The State would further argue that the specific details of any potential conflict that may arise between Ms. Liberty and the Defendant is irrelevant. The defendant is aware that his attorney, Ms. Liberty, is under investigation. The State, going beyond its duty outlined in *Rutledge*, disclosed the investigation is related in some fashion to the Defendant's case. This information in and of itself is sufficient notice for conflict. This satisfies the defendant's due process rights. Regardless of the details of the investigation, Ms. Liberty has an ethical obligation to withdraw even if the Defendant were to waive the conflict. In *US v. Pizzonia*, 415 F.Supp.2d 168 (E.D. New York 2006) the Court held that "if the attorney suffers from an actual conflict so sever that it impedes effective assistance, counsel should be disqualified notwithstanding defendant's desire to waive." If the activity for which the attorney is investigated is substantially related to the charges against the defendant, disqualification is necessary, notwithstanding the defendant's waiver.

(12) Much like the compelled disclosure of a Confidential Informant, unwarranted disclosure of sensitive material related to ongoing investigations into yet uncharged targets cannot be undone or remedied. If the State is forced to comply with an improvidently issued discovery order, there is no adequate relief once the disclosures are made. The damage will

have been done. Disclosure would jeopardize the other ongoing criminal investigations where arrests have not yet been made. Compliance with the trial court's order to provide this discovery will force the State to either jeopardize the ongoing investigations by continuing its lawful prosecution of the Defendant or drop the charges against the Defendant to preserve the integrity of other investigations. "Discovery that may reasonably cause material injury of an irreparable nature includes material protected by privilege, work product, or that involves a confidential informant that may cause such injury if disclosed." *Bailey v. State*, 100 So. 3d 213, 216 (Fla. 3d DCA 2012) (citing *Martin–Johnson, Inc. v. Savage*, 509 So.2d 1097, 1100 (Fla.1987)).

WHEREFORE, the State of Florida respectfully requests the Court to reconsider its order orally entered January 6, 2025, granting the Defendant's *ore tenus* request for disclosure of a search warrant.

I HEREBY CERTIFY that a true copy hereof has been furnished electronically this Monday, January 06, 2025 to Attorneys for Defendant Named above: Raven Liberty, Esq., Stuart Adelstein, Esq., Jamie Benjamin, Esq, Daniel Aaronson, Esq.

HAROLD F. PRYOR
State Attorney

By: *Alixandra Buckelew*
Alixandra Buckelew, Esq.
Assistant State Attorney
Florida Bar #104913
Office of the State Attorney
201 S.E. 6th Street
Fort Lauderdale, FL 33301

By: *Taylor Collins*
Taylor Collins
Assistant State Attorney
Florida Bar #109183
Office of the State Attorney
201 S.E. 6th Steet
Fort Lauderdale, FL 33301

By: *Justin L Griffis*
Justin L Griffis, Esq.
Assistant State Attorney
Florida Bar #577472
Office of the State Attorney
201 S.E. Sixth Street
Fort Lauderdale, FL 33301

Case Number: **19001872CF10A**
Document Name: **Order**
Date: **1/7/2025**



**** FILED: BROWARD COUNTY, FL  Brenda D. Forman, CLERK 1/7/2025 2:12:40 P

[✓] 17th Judicial Circuit in and for Broward County
[ ] In the County Court in and for Broward County

Division:
[✓] Criminal
[ ] Traffic
[ ] Other

**ORDER**

THE STATE OF FLORIDA VS.

**Jamell Demons**   DEFENDANT  1900

CHARGE: All Charges

The Court hereby orders the State of Florida to provide a copy of the Ap
Search Warrant concerning Raven Liberty issued December 2023 to the
of business January 14, 2025 for review in camera. Upon review the Co
what redactions (if any) need to be made and will distribute copies to all
accordingly.

Filing # 214570166 E-Filed 01/14/2025 02:49:43 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 19-1872CF10A

JUDGE: MARTIN S. FEIN

STATE OF FLORIDA,
          Plaintiff,

vs.

JAMELL DEMONS,
          Defendant.

## STATE'S MEMORANUM OF LAW REGARDING ATTORNEY CONFLICT

**COMES NOW** the State of Florida, by and through the undersigned Assistant State Attorneys, and submits this Memorandum of Law regarding Attorney Conflict, and comments as follows:

1. On December 27, 2024, the defendant filed a motion for Hearing to Determine Potential Conflict. In this motion, it states the defendant's attorney, Raven Liberty, was informed on December 18, 2024 by Apple that on December 13, 2023, that her Apple account information had been provided to the Broward Sheriff's Office pursuant to a search warrant.

2. Monday, January 6, 2025, this Honorable Court heard the Defendant's Motion.

3. In addition, on January 6, 2025, the State filed a Motion for Rehearing/Reconsideration of Defendant's Ore Tenus Motion to Compel Disclosure of Apple Search Warrant Related to Attorney Raven Liberty. Within this motion, in paragraph 11, the State mentions that regardless of the details of the investigation, Ms. Liberty has an ethical obligation to withdraw even if the Defendant were to waive the conflict. In *US v. Pizzonia*, 415 F.Supp.2d 168 (E.D. New York 2006) the Court held that "if the attorney suffers from an actual conflict so severe that it impedes effective assistance, counsel should be disqualified notwithstanding defendant's desire to waive." If the activity for which the attorney is investigated is substantially related to the charges against the defendant, disqualification is necessary, notwithstanding the defendant's waiver.

4. On Tuesday, January 7, 2025, this Honorable Court entered a written order ordering the State to provide a copy of the search warrant to the defendant to determine his potential conflict over the State's objection. Over the defendant's objection, this Honorable Court ruled it would review the search warrant in camera for potential redactions.

5. During this January 7, 2025 hearing, this Honorable Court spoke to the defendant about how it was his decision and his decision alone to determine whether to keep Ms. Liberty as his counsel despite this conflict.

6. It is not the defendant's decision. The United States Supreme Court has recognized that the Sixth Amendment right to counsel is circumscribed in certain situations. *See Wheat v. U.S.*, 486 US 153 (1988) (explaining that the Sixth Amendment right to counsel is premised on the right that a defendant is entitled to receive a fair trial through the adversarial process, and the relationship between counsel and defendant must give way to that right).

7. The United States Supreme Court also explicitly rejected the argument that a waiver of the conflict cures a violation of the Sixth Amendment. To the contrary, courts have a legitimate interest in ensuring the criminal trial is conducted within the ethical standards of the profession. *Wheat* at 161. Therefore, the rules of professional conduct, including those rules of the state bar association which govern an attorney's conduct are of paramount importance and should assist in informing the judiciary about how to proceed. *Id.*

8. At issue here is alleged the alleged criminal conduct involving Raven Liberty, one of Demons' four attorneys. Clearly, after reviewing the search warrant in camera, there can be no doubt that an actual conflict is present squarely involving the personal self-interest of Ms. Liberty. Moreover, this alleged conduct if true involves multiple violation of the Rules Regulating the Florida Bar. *See The Florida Bar v. Rood*, 622 So. 2d 974 (Fla. 1993) (listing numerous rules involving dishonesty and criminal conduct as examples of unethical conduct prohibited by the Florida Bar); *The Florida Bar v. Brown*, 790 So. 2d 1081 (Fl. 2001).

9. The Fourth District Court of Appeals has also recognized the superior authority and insight inherent in the trial court's purview to reject a waiver of conflict. See *Cotto v. State*, 829 So. 2d 959 (4th DCA 2002) (recognizing

2

court's authority to reject a defendant's waiver of attorney conflict based on counsel's prior representation of a state witness). In fact, the Fourth noted in a footnote that if the lawyer's conflict encompassed counsel's self-interest, a waiver is precluded as a matter of law. *Cotto*, 829 So. 2d at 961 fn 1. Therein the Fourth DCA approved of the rationale in *United States v. Fulton*, 5 F. 3d 605 (2nd Cir 1993), where the conflict involved allegations of criminal conduct by the defendant's lawyer, regardless of whether the lawyer is ultimately found innocent.

10. In *Fulton*, the Court stated, "Second, even if the attorney is demonstrably innocent and the government witness's allegations are plainly false, the defense is impaired because vital cross-examination becomes unavailable to the defendant. Ordinarily, a witness's blatantly false allegations provide a rich source for cross-examination designed to cast doubt on the witness's credibility; but, when the allegations are against the defendant's attorney, this source cannot be tapped." *Fulton*, 5 F. 3d at 610.

11. The trial court is obligated to protect the truth-seeking function of the proceedings by considering if defendant has effective counsel even where defendant wishes to waive the conflict. *United States v. Moscony*, 927 F.2d 742, 749 (3d Cir.1991).

**WHEREFORE**, the State hereby submits this memorandum of law to consider regarding the attorney conflict.

3

**I HEREBY CERTIFY** that a true copy hereof has been furnished by electronic delivery this 14th day of January, 2024, to:

Raven Liberty, Esquire, 153 Ne. 97th St., Miami Shores, FL 33138
Email: Pleadings.Liberty@gmail.com

Stuart Adelstein, Esquire, 2929 SW 3rd Ave., Suite 410, FL 33129-2770
Email: adelsteinslaw@aol.com

Jamie Benjamin, Esquire, 1700 East Las Olas Blvd., Suite 202, Fort Lauderdale, FL 33301; email: sexlaw@bellsouth.net

Danny Aaronson, Esquire, 1700 East Las Olas Blvd., Suite 202, Fort Lauderdale, FL 33301; email: danaaron@bellsouth.net

By: *Alixandra Buckelew*
Alixandra Buckelew, Esq.
Assistant State Attorney
Florida Bar #104913
Office of the State Attorney
201 S.E. 6th Street
Fort Lauderdale, FL 33301

By: *Taylor Collins*
Taylor Collins
Assistant State Attorney
Florida Bar #109183
Office of the State Attorney
201 S.E. 6th Steet
Fort Lauderdale, FL 33301

By: *Justin L Griffis*
Justin L Griffis, Esq.
Assistant State Attorney
Florida Bar #577472
Office of the State Attorney
201 S.E. Sixth Street
Fort Lauderdale, FL 33301

4